United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

AUNG GAW (a/k/a Michael Gaw),

    Defendant.

Case No.: CR-13-71370-MAG (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Aung Gaw (a/k/a Michael Gaw) is charged by complaint in the U.S. District Court for the Eastern District of Louisiana with one violation of 18 U.S.C. § 2252(a)(2) (receipt and attempted receipt of child pornography). On November 6, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On November 7, 2013, the court conducted a detention hearing. Defendant was present, in custody, and represented by Dennis Roberts. Assistant United States Attorney Rodney Villazor appeared on behalf of the Government. For the reasons set forth below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

Defendant is charged with one violation of 18 U.S.C. § 2252(a)(2) (receipt and attempted receipt of child pornography) for receiving two video files depicting what appears to be minors engaged in sexually explicit activity on December 5, 2012 and April 7, 2013, respectively. This charge gives rise to a rebuttable presumption of detention pursuant to 18 U.S.C. §3142(e)(3)(E), because the conduct involves minor victims. This rebuttable presumption, however, merely shifts

the burden of *production* to the defendant; the ultimate burden of *persuasion* remains with the government. See *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

At the hearing, the Government provided additional information from the New Orleans agent assigned to the case, who believes that Defendant has been involved in this type of conduct since 2010. From December 1, 2012 through May 9, 2013, Defendant was allegedly communicating with "Administrator A"—an individual who created and operated two websites containing child pornography— regarding recording sexually explicit videos of minors.

In addition to receipt of child pornography, there is evidence that Defendant was involved in enticing minors to engage in sexually explicit activity and in producing child pornography. The affidavit in support of Defendant's arrest warrant provides that Defendant told Administrator A that he "had something that Administrator A would like and that he located two 14 year old teens, recorded them and the video contained 'plenty of oral' sex." According to the affidavit, Defendant also indicated that he wanted "younger suck vids," and the two communicated about having "'boys' engage in sexually explicit activity with dogs." In addition, the two discussed using social network sites to locate minors, "including a 14-year-old male who told [Defendant] that he would rape his 12-year-old sister." Defendant and Administrator A also discussed a 9-year-old female who they wanted to have engage in sexually explicit activity with her brother.

In addition, at the hearing, the Government proffered that Administrator A told law enforcement that Defendant entices minors to engage in sexually explicit activity. Administrator A also stated that Defendant had asked him to entice an individual named James to film himself performing oral sex on his 2 year old brother. Agents have since seized videographic evidence in a child pornography case targeting Michael Eales, whose alias is James Nemic, of Eales performing oral sex on a 2 year old. This appears to confirm that, despite defense counsel's contention that the only evidence concerns "talk" and a computer crime, Defendant was actively involved in child pornography, beyond the receipt of video files.

As to the weight of the evidence, while this is the least important factor, the nature and circumstances of the offense and the weight of the evidence weigh in favor of detention.

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 25 years old and was residing with his mother and father in Fremont, California at the time of his arrest. He graduated from Kennedy High School in Fremont in 2006, and obtained his B.A. in Political Science from U.C. Berkeley in 2011. Defendant advised that he is currently employed full-time as a business development specialist for Mills Uniform Company. Defendant reported that he rarely consumes alcohol, but does not drink to intoxication. Additionally, Defendant has not been diagnosed with any mental illness and has never received any mental health treatment.

Defendant does not have any criminal history. The characteristics of Defendant's alleged conduct in the instant matter, however, involves the exploitation of minor victims. Defendant has allegedly been involved with child pornography, and the potential production thereof, since 2010. In addition to Defendant's alleged actions discussed above, *see supra* Part II.A., at the hearing the Government proffered that Defendant allegedly told Administrator A that he had spoken to a 15 year old male about raping a 14 year old female.

Defendant proposed his mother, father, sister, brother, and sister-in-law as sureties. None of these individuals have criminal history, and all are otherwise viable, with the possible exception of Defendant's father, whose income is limited to $400 per month in Social Security benefits. While the proposed sureties are suitable to mitigate the risk of flight, as provided below, given the additional information proffered at the hearing, they are not suitable to mitigate the danger to the community in light of the evidence that Defendant is involved in the production of child pornography and has apparently recruited and enticed minors to participate in sexually explicit activity, including forcible sex acts. As Defendant's alleged criminal activity involves minor victims, it is unlikely any combination of release conditions exist to mitigate Defendant's risk of danger to the community.

### C. Risk of Nonappearance

Factors that indicate Defendant poses a risk of nonappearance include his recent international travel to his native country, his fluency in the language of his native country, his

DETENTION ORDER
CR-13-71370-MAG (KAW)                    4

possession of a passport, and his access to funds to potentially aid him in flight. As provided above, the Court believes that there exists a combination of conditions that would mitigate Defendant's risk of nonappearance. There is not, however, a combination of conditions that would mitigate Defendant's risk of danger to the community.

### III. CONCLUSION

In light of the nature of the instant offense and the weight of the evidence, the Court finds that Defendant presents a danger to the community, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 8, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge